UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY L. NOYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-1005-SPM |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Federal National Mortgage Association's Motion to Dismiss. (Doc. 16). The motion has been fully briefed, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 8). For the reasons stated below, the motion will be granted, and the case will be dismissed.

**I.   BACKGROUND**

**A.   Allegations in Plaintiff's Complaint**

On July 31, 2020, Plaintiff Jeffrey L. Noyes ("Plaintiff") filed the instant action against Federal National Mortgage Association ("Defendant" or "Fannie Mae").[1] Since August 18, 2006, Plaintiff has been licensed by the State of Missouri's Department of Professional Registration (the

---

[1] The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), which grants this Court original jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between citizens of different states. § 1332(a). Plaintiff seeks damages in excess of $75,000. Plaintiff alleges that he is a citizen of Missouri. "For purposes of determining diversity jurisdiction, Fannie Mae is designated by statute as a citizen of the District of Columbia." *Albors Gonzalez v. Fed. Nat'l Mortg. Ass'n*, 803 F. App'x 226, 228 (11th Cir. 2020) (citing 12 U.S.C. § 1717(a)(2)(B)).

"MDPR") as a residential real estate appraiser. The MDPR is the entity in Missouri that is responsible for determining the competency and eligibility of an individual to perform real estate appraisals in Missouri. In or around 2006, Plaintiff became eligible to perform real estate appraisals for lenders seeking sale to or guarantee from Fannie Mae without review, and he continued in that status until on or about July 31, 2015.

On or about July 31, 2015, Defendant began communicating to mortgage lenders that Defendant had placed Plaintiff on Defendant's 100% Review List (the "List"), a list of a small number of appraisers whom Defendant had deemed had performed deficient appraisals. Defendant persisted in communicating to mortgage lenders for well over a year that Plaintiff remained on the List. Plaintiff had not, however, engaged in any conduct that would justify his inclusion on the List. Plaintiff alleges that Defendant's decision to place Plaintiff on the List was made by an employee lacking sufficient knowledge and skill to make an accurate determination as to whether Plaintiff's appraisal(s) had been performed deficiently and therefore warranted review 100 percent of the time.

Plaintiff alleges that his presence on the List caused mortgage lenders to expect that selecting Plaintiff as their appraiser would create a delay in the mortgage loan being granted. Shortly after Plaintiff was placed on the List, he became aware that the number of appraisals mortgage lenders contracted with him to perform greatly diminished, as did his business revenues. His revenues remained greatly diminished at least throughout the period when he was on the List, and Plaintiff believes his contracts still remain impaired as a result of Defendant's conduct. Plaintiff also alleges that suffered severe, pervasive emotional distress, including chronic anxiety, as a result of Defendant's actions.

Plaintiff asserts four counts against Defendant. In Count I (Tortious Interference with Business Expectancy), Plaintiff alleges that Defendant intentionally interfered with his business expectancy of continuing to be paid by mortgage lenders to conduct real estate appraisals at or

about the same level of frequency as he did prior to July 31, 2015 by placing him on the List, and that Plaintiff sustained a loss of income and emotional distress as a result of Defendant's conduct. In Count II (Negligent Supervision), Plaintiff alleges that Defendant was negligent in failing to adequately supervise its employees who made the decision to place and keep Plaintiff on the List. In Count III (Negligent Infliction of Emotional Distress), Plaintiff alleges that Defendant breached its duty to protect Plaintiff from any injury resulting from its communications to mortgage lenders that Defendant had placed Plaintiff on the List, and that as a result of Defendant's conduct, Plaintiff has suffered significant emotional distress. In Count IV (Defamation), Plaintiff alleges that Defendant's publication of Plaintiff's name on the list damaged Plaintiff's reputation within the mortgage lending industry, causing Plaintiff to suffer a deprivation of gain and profits.

### B.  2018 State Court Proceedings

On September 9, 2018, nearly two years before the instant action was filed, Plaintiff filed an Amended Petition against Fannie Mae in the Circuit Court of St. Louis County, State of Missouri. Def.'s Ex. 1, Doc. 17-1. In that Amended Petition, Plaintiff alleged that he had been a residential real estate appraiser since August 18, 2006; that on July 31, 2015, Defendant placed him on the "100% Review List" and communicated that to mortgage lenders; that this was a communication that Plaintiff was deficient as a real estate appraiser; that the decision to place Plaintiff on the list was without merit; and that Defendants' communication to mortgage lenders that Plaintiff was deficient as a mortgage appraiser was false. Plaintiff alleged that these communications damaged Plaintiff's reputation and that as a result of the communications, mortgage lenders refrained on many occasions from using Plaintiff's services. Plaintiff alleged that he was greatly injured in his reputation and his business suffered. He asserted a single count of libel. On November 19, 2019, the state court entered an Order and Judgment granting Fannie Mae's motion to dismiss Plaintiff's petition and dismissing Plaintiff's case with prejudice. Def.'s Ex. 2, Doc. 17-2. The Order does not state the reasons for the dismissal.

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, though it need not accept the legal conclusions. *Iqbal*, 556 U.S. at 678.

## III. Discussion

Defendant makes two arguments in favor of dismissal: (1) that Plaintiff's claims are barred by the doctrine of res judicata and/or the doctrine of claim splitting, because Plaintiff's claims in this action are based on the same alleged facts as the St. Louis County action, which was dismissed with prejudice; and (2) that Plaintiff has failed to state a claim upon which relief may be granted. In his opposition, Plaintiff states that he no longer intends to pursue the defamation claim in Count IV and states that he plans to promptly file either a motion to voluntarily dismiss that count or an amended complaint that omits the defamation count.[2] He argues that he has alleged sufficient facts to state a claim on the other three counts. Plaintiff does not address Defendant's arguments regarding res judicata or claim splitting.

The Court first addresses Defendant's res judicata argument. The Eighth Circuit has found that although res judicata is an affirmative defense, it can be the basis for a motion to dismiss under Rule 12(b)(6) if the defense "is apparent on the face of the complaint." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (quoting *Noble Sys. Corp. v. Alorica Cent., LLC* 543 F.3d 978. 983 (8th Cir. 2008)). In this context, "the phrase face of the complaint . . . include[s] public records and materials embraced by the complaint, and material[s] attached to the complaint " *Id.* (alterations in original) (citations and quotation marks omitted). *Cf.*

---

[2] To date, Plaintiff has not filed either a motion to dismiss or an amended complaint.

– 4 –

*Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2006) (holding that the district court did not err in relying on a state court dismissal in reviewing a motion to dismiss; noting that "[s]ome materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion" and that "[i]n Missouri, as in other states, court records are public records.") (internal citations and quotation marks omitted). Applying this rule, district courts within the Eighth Circuit have routinely considered prior state court judgments in evaluating motions to dismiss based on res judicata, without converting those motions to summary judgment motions. *See, e.g.*, *MacCormack v. Adel Wiggins Grp.*, No. 4:16-CV-414-CEJ, 2017 WL 914262, at *2-*3 (E.D. Mo. Mar. 8, 2017) (rejecting the plaintiffs' argument that a summary judgment motion was required to assert a res judicata argument, and considering state court records in evaluating the defendant's motion to dismiss based on res judicata); *Carter v. Clark*, No. CIV. 14-98 MJD/LIB, 2015 WL 505743, at *4-*9 (D. Minn. Feb. 6, 2015) (considering records from prior state court case in evaluating a motion to dismiss based on res judicata), *aff'd*, 622 F. App'x 607 (8th Cir. 2015); *Vargo v. City of St. Louis*, No. 4:15-CV-00520-AGF, 2015 WL 4207112, at *2 (E.D. Mo. July 10, 2015) (same). Thus, the Court will consider Defendant's res judicata argument, and in doing so will consider the two public records attached to Defendant's motion: the Amended Petition filed in state court and the Order and Judgment entered by the state court.

"Res judicata operates so that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Brown v. Kansas City Live, LLC*, 931 F.3d 712 (8th Cir. 2019) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "Federal courts are required 'to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Id.* (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

Under Missouri law, "Res judicata, or claim preclusion, prohibits a party from bringing any previously-litigated claim and any claim that, with the exercise of reasonable diligence, should

– 5 –

have been brought in that prior suit." *Kesler v. Curators of the Univ. of Mo.*, 516 S.W.3d 884, 890 (Mo. App. W.D. 2017) (citing *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 715 (Mo. 2008)). "[T]he doctrine applies to 'every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.'" *Kesterson*, 242 S.W.3d at 716 (quoting *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. 1991)). If a claim in the second action arises out of the same "act, contract or transaction" as the previously litigated claim, then the claim in the second action is barred by the earlier judgment. *Kesterson*, 242 S.W.2d at 716. In determining whether two claims arise out of the same transaction, "a court must look to the factual bases for the claims, not the legal theories . . ." *Id.* at 716 (citing *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 319 (Mo. 2002)). "In order for a subsequent claim on the same transaction to be considered separate . . . there must be new ultimate facts, as opposed to evidentiary details, that form a new claim for relief." *Id.* This rule "serves to 'prevent a multiplicity of suits and appeals with respect to a single cause of action, and is designed to protect defendants against fragmented litigation, which is vexatious and costly.'" *Kesterson*, 242 S.W.3d at 716 (quoting *Bagsby v. Gehres*, 139 S.W.3d 611, 615 (Mo. Ct. App. 2004)).

The Eighth Circuit recently addressed circumstances similar to those in the instant case and found that the second case was barred by res judicata under Missouri law. In *Brown v. Kansas City Live, LLC*, an individual who was accused of trespassing in a restaurant was cursed at, pushed out of the restaurant, and detained. 931 F.3d at 713. He filed suit in state court against the restaurant and several involved individuals, asserting state-law claims of assault, battery, false imprisonment, negligence, and malicious prosecution. *Id.* The state court dismissed the case with prejudice after the plaintiff's attorney failed to respond to discovery requests and comply with court orders. *Id.* at 714. The plaintiff then hired a new attorney and filed suit in federal court. *Id.* The factual allegations and defendants were the same, but the plaintiff sought relief under 42 U.S.C. § 1981.

*Id.* The district court found the second action was barred by res judicata based on the state court's prior dismissal with prejudice, and it granted the defendants' motion to dismiss. *Id.*

The Eighth Circuit affirmed the dismissal. It stated that "[u]nder Missouri law, 'res judicata applies where (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases.'" *Id.* (quoting *Bannum, Inc. v. City of St. Louis*, 195 S.W.3d 541, 544 (Mo. Ct. App. 2006)). Addressing the first two elements, the Eighth Circuit found that the state court had jurisdiction and that the dismissal with prejudice was a final judgment on the merits under Missouri law. *Id.* As to the third element, the court noted that the parties were the same in both cases. *Id.* The court acknowledged that the legal theories presented in the two cases were different, but it noted that "'[s]eparate legal theories are not to be considered as separate claims, even if the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief." *Id.* at 715 (quoting *King Gen. Contractors, Inc.*, 821 S.W.2d at 501 (internal quotation marks omitted). The Eighth Circuit also rejected the plaintiff's argument that the federal case involved a different cause of action because the § 1981 claim had different elements than did the state court claims, stating:

> While [the plaintiff] is correct that the two claims have different elements, for the purposes of res judicata "a court looks to the factual bases for the claims, not the legal theories." *Chesterfield Village, Inc.*, 64 S.W.3d at 319. No new facts were added to the federal claim and the allegations in both lawsuits arise from the same incident. "In order for a subsequent claim on the same transaction to be considered [a] separate [cause of action] . . . there must be new ultimate facts, as opposed to evidentiary details, that form a new claim for relief." *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 716 (Mo. 2008) (en banc).

*Id.* The Eighth Circuit concluded that the federal lawsuit was barred by res judicata. *Id.* at 715.

– 7 –

Applying *Brown* and the Missouri law discussed above, res judicata bars Plaintiff's claims in this action. There is no real question that the first two elements are satisfied. Plaintiff does not argue that the Missouri state court lacked jurisdiction over his case when it entered the dismissal with prejudice, and there is no basis for the Court to believe that court lacked jurisdiction. The Missouri state court dismissed Plaintiff's state court case with prejudice, which constitutes a judgment on the merits under Missouri law. *See Brown*, 931 F.3d at 714 (stating, "In Missouri, a dismissal with prejudice is considered a judgment 'on the merits'"; finding the plaintiff's federal court action barred by res judicata based on a Missouri court's dismissal with prejudice) (quoting *Greasel Conversions, Inc. v. Massa*, 399 S.W.3d 456, 461 (Mo. Ct. App. 2013)). *See also* Mo. Sup. Ct. Rule 67.01 ("A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party.").

The third element—that "the same cause of action and the same parties or their privies were involved in both cases"—is also satisfied. It is undisputed that the plaintiff and defendant are the same in this case and in the state court action. In addition, although, as in *Brown*, the legal theories asserted in the cases are different, the claims in both cases arose out of exactly the same "act, contract or transaction": Fannie Mae's allegedly improper placement of Plaintiff on the 100% Review List on or about July 30, 2015, and the resulting alleged harm to Plaintiff's reputation and business. As Defendant argues, a person acting with reasonable diligence could have, and should have, asserted in the state court action not just a libel claim, but also the claims for tortious interference with business expectancy, negligent supervision, and negligent infliction of emotional distress asserted here. Notably, Plaintiff does not offer any argument as to why the claims he now asserts could not or should not have been asserted in the prior action. Indeed, Plaintiff makes no attempt to argue any reason why res judicata does not bar the instant lawsuit.

For all of the above reasons, the Court concludes that the instant action is barred under principles of res judicata and must be dismissed. The Court need not rule on Defendant's alternative argument that Plaintiff has failed to state a claim.

### IV. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant Federal National Mortgage Association's Motion to Dismiss (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, with prejudice.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of March, 2021.